**NATIONAL LABOR RELATIONS BOARD v. BORCHERT.**

No. 6227.

United States Court of Appeals
Fourth Circuit.

Argued April 6, 1951.

Decided April 7, 1951.

Edward D. Friedman, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. General Counsel, Harvey B. Diamond and Thomas McDermott, Attys., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Guy Farmer, Washington, D. C. (Oscar J. Andre, and Steptoe & Johnson, Clarksburg, W. Va., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board, which found an employer guilty of coercive conduct violative of section 8(a) (1) of the Labor-Management Relations Act, 29 U.S. C.A. § 158(a) (1) and of refusing to bargain with a labor union in violation of section 8(a) (5) of the act, and ordered that he cease and desist from such coercive conduct or from refusing to bargain with the union.

■ So much of the order as finds coercive conduct on the part of the employer is not sustained in our opinion by substantial evidence when the record is considered as a whole. The only evidence relied upon to sustain it is an isolated statement by the employer as certain of his employees were going out on a strike of which neither he nor the bargaining agent of the union had been given notice that, if they walked out then, he would not take them back. While it appears that the union had voted to authorize a strike, this was on condition that the bargaining agent of the union was to be notified in advance. No such notice was given, nor was the employer given any notice of the strike or of the fact that one had been authorized. The employer denies having made the statement; and, if made, it was clearly the result of anger and excitement engendered on the spur of the moment by what may well have appeared to him to be a "wildcat" strike not authorized by the union with which he had been bargaining in good faith. He subsequently, without compulsion, reemployed the employees who walked out on this occasion.

■ Although the employer had bargained with the union prior to the strike, he refused to bargain with it thereafter, claiming that it no longer represented a majority of his employees. That this position cannot be sustained is too well settled to justify discussion. See N. L. R. B. v. P. Lorillard Co., 314 U.S. 512, 62 S.Ct. 397, 86 L.Ed. 380; Franks Bros. Co. v. N. L. R. B., 321 U.S. 702, 703–705, 64 S.Ct. 817, 88 L.Ed. 1020; Jeffery-DeWitt Insulator Co. v. N. L. R. B., 4 Cir., 91 F.2d 134, 139–140; N. L. R. B. v. Highland Park Mfg. Co., 4 Cir., 110 F. 2d 632, 640; Great Southern Trucking Co. v. N. L. R. B., 4 Cir., 139 F.2d 984; Appalachian Electric Power Co., 4 Cir., 140 F.2d 217; N. L. R. B. v. Harris Woodson Co., 4 Cir., 162 F.2d 97; N. L. R. B. v. Norfolk Shipbuilding & Drydock Corp., 4 Cir., 172 F.2d 813.

The order of the Board will be modified so as to omit the findings and provisions relating to coercive conduct and the threatening of employees and, as so modified, it will be enforced.

Modified and enforced.