## NATIONAL LABOR RELATIONS BOARD v. JONES FURNITURE MFG. CO., Inc.

### No. 14676.

United States Court of Appeals
Eighth Circuit.

Jan. 16, 1953.

Lawrence B. Burrow, Jr., Little Rock, Ark. (Lawrence B. Burrow, Sr., Little Rock, Ark., on the brief), for respondent.

Lewis C. Green, Atty., National Labor Relations Board, St. Louis, Mo. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel and Frederick U. Reel, Atty., National Labor Relations Board, Washington, D. C., on the brief), for National Labor Relations Board.

Before SANBORN, WOODROUGH and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

This case is before the court on petition of the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq., for enforcement of its order issued against respondent on April 28, 1952.

The respondent is an Arkansas corporation engaged in the manufacture of upholstered furniture at Benton, Arkansas, and employing about 100 workers represented by a C. I. O. union. The Board's decision and order are reported at 98 N.L.R.B. No. 211. This court has jurisdiction.

The Board found, as did the trial examiner, that respondent had violated Section 8(a) (5) of the Act (1) by granting wage increases without negotiating them with the bargaining representative, and (2) by refusing to bargain "while unfair labor practice charges were pending before the Board". The order which the Board's petition calls upon us to enforce orders the respondent to cease and desist from (a) refusing to bargain collectively with the union with respect to rates of pay, wages, hours of employment, or other conditions of employment, and (b) from interfering in any other manner with the efforts of the union to bargain collectively with respondent. It commands the respondent affirmatively (a) to bargain collectively upon request and to embody any understanding reached in a signed agreement, and (b) to post notices and (c) to notify the Regional Director of the steps taken to comply with the order.

The respondent contends that neither of the Board's findings is supported by substantial evidence "upon assessment of the whole record". Respondent did grant individual wage increases to its employees on or about September 15 and 22, 1950, and caused notices of the same to be posted. But its contention is that such increases were negotiated with and agreed to by the

union representative. Only seven witnesses were called to testify, four for the union and three for respondent, and their testimony and such Exhibits as were adduced have been fully considered. It is not necessary to decide whether the finding of the Board that the wage increases were granted without negotiating them with the bargaining representative is sufficiently supported by the evidence.

 As to the other finding of the Board that respondent refused to bargain "while unfair labor practice charges were pending before the Board", it appears, as declared by the Board, that the finding is fully supported by the uncontradicted evidence in the record.

On October 6, 1950, the union filed with the Board a charge that respondent had refused to bargain collectively, in violation of Section 8(a) (5) of the Act, and it is shown without dispute that respondent complained of the pendency of that charge at all of the subsequent meetings. A strike commenced on October 10, and there were at least three conferences while it was going on, the last one on November 11. At each conference respondent called attention to the pendency of the unfair labor practice charges. On October 12, respondent's counsel stated that "he didn't feel we could get any place as long as those charges were pending against the company." And at the last meeting on November 11 respondent's counsel said "he saw no point in continuing negotiations, in view of the charges filed to the National Labor Relations Board". The strike ended on November 13 and three and a half months elapsed before the union called upon respondent for resumption of bargaining. On March 2, 1951, the union wrote respondent requesting it to set a date for the resumption of negotiations. Respondent ignored the letter. Its counsel stated "he saw no need for further meetings as long as the pending charges were involved". Thus the Board's finding that respondent refused to bargain after March 2, 1951, because of the pending unfair labor practice charges against it, is based upon uncontradicted evidence. Such a reason is not a defense to a charge of refusal to bargain. Hartsell Mills Co. v. N. L. R. B., 4 Cir., 111 F.2d 291.

Respondent contends that it carried on its negotiations with union representatives until it reached an impasse and the men resorted to strike. But the Board found that the strike episode and the time that had elapsed had brought about a situation where respondent was clearly obliged to meet with union representatives and bargain in good faith according to the mandate of the Act. Jeffery-DeWitt Insulator Co. v. N. L. R. B., 4 Cir., 91 F.2d 134, 112 A.L.R. 948; American Laundry Machinery Co. v. N. L. R. B., 6 Cir., 174 F.2d 124; N. L. R. B. v. Borchert, 4 Cir., 188 F.2d 474.

We do not find merit in respondent's resistance to the Board's order to bargain collectively as the Act requires. Enforcement of the order is awarded as prayed by the Board.